UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VAX-D MEDICAL TECHNOLOGIES,
LLC,

        Plaintiff,

v.                                                      Case No. 8:05-cv-1462-T-24 TBM

EVANSTON INSURANCE COMPANY,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Remand and Request for Attorneys' Fees. (Doc. No. 12). Defendant opposes this motion. (Doc. No. 17).

**I. Background**

Plaintiff alleges the following in its complaint (Doc. No. 2): Plaintiff was covered by a general liability insurance policy issued by Defendant, effective March 3, 2002 through March 3, 2003. The insurance policy contained a "Broadening Endorsement," which provided coverage for advertising injuries. Specifically, the endorsement provided that Defendant had a duty to defend and would pay on behalf of Plaintiff all sums that Plaintiff became legally obligated to pay as damages because of an advertising injury that arose out of the conduct of Plaintiff's business and that is covered by the insurance policy. Furthermore, the endorsement defines "advertising injury" as an "injury arising out of an offense committed during the policy period occurring in the course of [Plaintiff's] advertising activities, if such injury arises out of . . . infringement of copyright."

In December of 2004, Enid Hatton made a demand on Plaintiff for using her artwork in

Plaintiff's advertising without her authorization at some time between 1993 and 2004.  On February 9, 2005, Plaintiff notified Defendant of Hatton's claim.  On March 15, 2005, Defendant denied coverage under the policy for Hatton's claim.

On March 29, 2005, Hatton filed suit against Plaintiff in the United States District Court for the Southern District of New York ("New York Action").[1]  In her complaint, Hatton asserts two copyright claims against Plaintiff.  The first claim relates to Hatton's allegation that at some time after October 27, 1993,[2] Plaintiff used Hatton's artwork in a national advertising campaign by copying it onto a brochure entitled "A Guide for Physicians" ("Guide Brochure claim").  With regards to her Guide Brochure claim, Hatton requests that Plaintiff be required to pay Hatton her actual damages resulting from the infringing conduct, plus the profits Plaintiff earned from that conduct.

Hatton's second claim relates to her allegation that sometime in 2004, Plaintiff used a number of protectible elements of Hatton's artwork in another brochure entitled "The Non-Surgical Alternative to Back Pain Treatment" ("Alternative Brochure claim").  With regards to her Alternative Brochure claim, Hatton requests that Plaintiff be required to pay Hatton her actual damages resulting from the infringing conduct, plus the profits Plaintiff earned from that conduct.  Additionally with regards to her Alternative Brochure claim, Hatton requests that Plaintiff pay Hatton statutory damages of $150,000 for its infringing conduct, plus Hatton's attorneys' fees.

---

[1] A copy of the complaint in the New York Action is located at Doc. No. 4.

[2] On October 27, 1993, Hatton authorized Plaintiff's affilliate, Meditek VAX-D, to make a one time use of her artwork in a brochure called "Verbal Axial Decompression."

After Hatton filed the New York Action, Plaintiff requested that Defendant appoint counsel to defend the case and provide coverage for the claim under the insurance policy. Defendant denied Plaintiff's request. As a result, Plaintiff filed a complaint for declaratory relief in state court on July 8, 2005 ("Declaratory Action").

In the Declaratory Action, Plaintiff requests that the state court find that there is coverage for Hatton's Guide Brochure claim under the insurance policy that Defendant issued and require Defendant to defend and indemnify Plaintiff for all covered losses.[3] Additionally, Plaintiff requests an award of its attorney's fees.

In response, Defendant removed the Declaratory Action to this Court on August 4, 2005, alleging diversity jurisdiction. It is undisputed that Plaintiff and Defendant are diverse parties, since Plaintiff is a Florida limited liability company and Defendant is an Illinois corporation. However, Plaintiff filed the instant motion to remand, because it contends that Defendant cannot show that the amount in controversy exceeds $75,000.[4]

**II.  Motion for Remand**

"Where a plaintiff has objected to a defendant's removal, the burden of proof is on the defendant, as the removing party, to prove by a preponderance of the evidence that the action was properly removed." Forest v. Penn Treaty American Corp., 270 F. Supp.2d 1357, 1360 (M.D. Fla. 2003)(citation omitted). Furthermore, "[b]ecause removal jurisdiction raises

---

[3]Plaintiff has clarified for this Court that it is only seeking coverage for the Guide Brochure claim. (Doc. No. 24).

[4]Pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction in civil actions between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs.

significant federalism concerns, federal courts are directed to construe removal statutes strictly and doubts about jurisdiction should be resolved in favor of remand to state court." Id. at 1360-61.

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000)(citation omitted). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." Id.

In the instant case, Plaintiff has not made a specific request for damages in its complaint. Instead, Plaintiff has requested that the court find that Defendant has a duty to defend and indemnify Plaintiff for all covered losses related to the Guide Brochure claim in the New York Action and award it attorneys' fees. Thus, the amount in controversy is the value of the requested declaratory and injunctive relief (which is the value of the benefit that would flow to Plaintiff if Defendant is required to defend and indemnify Plaintiff in the New York Action) plus Plaintiff's attorneys' fees for bringing the Declaratory Action. Defendant contends that the amount in controversy far exceeds $75,000. The Court, however, finds that conclusion to be purely speculative and not proven by Defendant by a preponderance of the evidence.

To begin with, the value of the benefit that would flow to Plaintiff if Defendant is required to defend and indemnify Plaintiff for covered losses related to the Guide Brochure claim in the New York Action is purely speculative. Since Plaintiff is only seeking coverage for the Guide Brochure claim, the Court will not consider the request for $150,000 in statutory damages or Hatton's request for attorneys' fees related to the Alternative Brochure claim in

determining the value of the benefit that would flow to Plaintiff if Defendant is required to defend and indemnify Plaintiff for covered losses in the New York Action.  Instead, the benefit that would flow to Plaintiff if Defendant is required to defend and indemnify Plaintiff for covered losses in the New York Action relate solely to the Guide Brochure claim, in which Hatton does not request statutory damages or attorneys' fees.  Instead, Hatton only seeks her actual damages resulting from the infringing conduct, plus the profits Plaintiff earned from that conduct, with regards to her Guide Brochure claim.  There is no indication regarding the amount of damages and profits that Hatton is requesting for the Guide Brochure claim, and as such, the benefit that would flow to Plaintiff if Defendant is required to defend and indemnify Plaintiff for covered losses related to this claim is purely speculative.  As such, Defendant has not shown that the benefit that would flow to Plaintiff more likely than not exceeds $75,000.

Furthermore, Plaintiff is requesting an award of attorneys' fees in connection with its filing its Declaratory Action, pursuant to Florida Statute § 627.428.  Like the value of the benefit that would flow to Plaintiff for the declaratory and injunctive relief, the amount of attorneys fees that Plaintiff may be awarded is speculative.  Defendant has not shown that the attorney's fees alone, or in conjunction with the requested injunctive and declaratory relief, more likely than not has a value in excess of $75,000.

Accordingly, Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,0000.  Since this Court must strictly construe the removal statutes and doubts about jurisdiction should be resolved in favor of remand, this Court finds that this case must be remanded.

**III.  Request for Attorneys' Fees**

Since the Court has found that this case must be remanded, Plaintiff requests an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, an award of attorneys' fees is completely discretionary. See Publix Supermarkets, Inc. v. United Food & Commercial Workers International Union, AFL-CIO & CLC, 900 F. Supp. 419, 421 (M.D. Fla. 1995)(citation omitted). Upon consideration, the Court declines to award attorneys' fees.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion for Remand and Request for Attorneys' Fees (Doc. No. 12) is **GRANTED IN PART AND DENIED IN PART**: The motion for remand is granted, and the Clerk is directed to remand this case to state court. The motion for attorneys' fees is denied.

(2) The Clerk is directed to **CLOSE** this case and terminate all pending motions.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of October, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

6